**Artie Barrow KEYS et al., Appellants,**

v.

**INTERSTATE CIRCUIT, INC., et al., Appellees.**

**No. 570.**

Court of Civil Appeals of Texas, Tyler.

May 27, 1971.

John K. Coil, Dallas, for appellants.

Jackson, Walker, Winstead, Cantwell & Miller, D. L. Case, T. Michael Wilson, Dallas, for appellees.

MOORE, Justice.

This is an appeal from a summary judgment. Appellants, Artie Barrow Keys, Lillian Marie Scoma and L. C. Barrow, filed suit against appellees, Warner Brothers' Seven Arts, Inc. and Interstate Circuit, Inc., seeking to recover damages for defamation allegedly resulting from the portrayal of their deceased brother, Clyde Barrow, in the motion picture "Bonnie and Clyde." The trial court sustained the joint motion for summary judgment of defendants Warner Brothers' Seven Arts, Inc., and Interstate Circuit, Inc., and from this ruling the appellants perfected this appeal.

The sole issue for determination by this court is whether appellants, sisters and brother of Clyde Barrow, have a justicia-

ble cause of action for defamation due to the distribution and showing of "Bonnie and Clyde," a movie which allegedly defamed their deceased brother, Clyde Barrow.

In their first amended original petition, appellants allege that the movie, "Bonnie and Clyde," depicted Clyde Barrow as a sodomist and homosexual engaging in criminal acts of armed bank robbery, murder and resisting arrest. Appellants alleged that by making and exhibiting the libelous, scurrilous and defamatory movie "Bonnie and Clyde," appellees maliciously and deliberately vilified them and those connected with him. Appellants specifically alleged that:

"Under the laws and practices of the State of Texas, a cause of action was created for defamation which blackens the memory of the dead, and the Plaintiffs, ARTIE BARROW KEYS, LILLIAN MARIE SCOMA, and L. C. BARROW, are persons who are so intimately connected with the memory of their brother and his reputation, that the defamation of CLYDE BARROW is at the time a defamation of him and in particular of the Plaintiff*w* who so closely identified with their brother; * * *."

The deposition of each appellant was offered in evidence upon the hearing. It was admitted by each of them that none of appellants were ever named, referred to or identified, either directly or indirectly, in the motion picture, "Bonnie and Clyde."

◼ Appellees, by their joint motion for summary judgment, assert that under the pleading and other evidence on file the record shows, as a matter of law, that appellants had no justiciable cause of action and therefore no disputed fact issue remained to be determined. We sustain the contention and affirm the judgment.

It is now a settled law that in order for one to maintain an action for defamation, he must be the particular person with reference to whom the defamatory statements were made. Newspapers, Inc. v. Matthews, 161 Tex. 284, 339 S.W.2d 890 (1960) ; 33 Am.Jur., 101, "Libel and Slander", sec. 89. Appellants' own admissions compel the conclusions that they are not entitled to recover against appellees, as a matter of law. Appellants admit that they were never named, referred to or identified, either directly or indirectly, in the movie, "Bonnie and Clyde."

Appellants urge, however, that Article 5430, Vernon's Annotated Texas Civil Statute, authorizes a cause of action in their behalf. The statute reads as follows:

"A libel is a defamation expressed in printing or writing, or by signs and pictures, *or drawings tending to blacken the memory of the dead,* or tending to injure the reputation of one who is alive, and thereby expose him to public hatred, contempt or ridicule, or financial injury, or to impeach the honesty, integrity or virtue, or reputation of any one, or to publish the natural defects of any one and thereby expose such person to public hatred, ridicule, or financial injury. Acts 1901, p. 30." (Emphasis supplied.)

Any question as to whether appellants are entitled to assert a cause of action under this statute was foreclosed by the Supreme Court of this state in Renfro Drug Co. v. Lawson, 138 Tex. 434, 160 S.W.2d 246 (1942). In that case, plaintiff sued for damages due to the publications and circulation of a magazine article allegedly defaming plaintiff's deceased daughter. The controversial article did not identify or allude to plaintiff himself, but he complained that it caused him anxiety, mental anguish, distress of mind and consequent impairment of health, and was a publication tending to blacken the memory of his deceased daughter. After carefully tracing the legislative history of libel prior to the statutory enactments of 1901, the court firmly concluded that Article 5430, supra, was "substantially a restatement of the common law definition of 'libel'." In an-

swering the certified question in the negative, the court pointed out:

"All of the authorities bearing directly upon the first question certified, except decisions from Quebec, hold in substance that 'the law does not contemplate the offense (defamation of the dead) as causing any special damage to another individual, though related to the deceased, and therefore it cannot be made the basis for recovery in a civil action.' Newell's, The Law of Slander and Libel, 4th Ed., p. 368, sec. 332." (Citing numerous other authorities.)

"* * * In our opinion, an intention on the part of the legislature to create a cause of action in favor of one not injured in his own reputation is not reasonably implied from the enactment of a definition containing the phrase 'tending to blacken the memory of the dead,' when all of the decisions that had passed on the question had denied the existence of such cause of action, although the same phrase was included in the common law, and generally approved, definition of libel."

For the reasons stated, the judgment of the trial court is affirmed.